UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ROBERT J. LEVY, Derivatively on
Behalf of Suffolk Bancorp,

                  *Plaintiff,*

– v. –

J. GORDON HUSZAGH, STACEY L. MORAN,
TERENCE X. MEYER, THOMAS S.
KOHLMANN, EDGAR F. GOODALE,
JOSEPH A. GAVIOLA, JOHN D. STARK JR.,
SUSAN V.B. O'SHEA, JAMES E. DANOWSKI,
and DAVID A. KANDELL,

                  *Defendants,*

– and –

SUFFOLK BANCORP, a New York
Corporation,

                  *Nominal Defendant.*

11 Civ. 3321 (JS) (WDW)

ECF CASE

---

## STIPULATION AND [PROPOSED] ORDER OF DISMISSAL

WHEREAS, a parallel shareholder derivative action, *Forbush* v. *Goodale*, Index No. 33538/2011, that was pending before the Supreme Court of the State of New York, County of Suffolk, presented claims substantially identical to the claims in this case;

WHEREAS, on May 14, 2013, the parties in the *Forbush* action, the parties to this action, and an additional stockholder of nominal defendant Suffolk Bancorp entered into an agreement to settle the *Forbush* action, this action, and the claims asserted in those actions;

WHEREAS, a copy of the parties' settlement agreement is attached to the joint status report submitted to this Court on May 23, 2013 (docket entry no. 25-1);

WHEREAS, on July 24, 2013, the *Forbush* court entered an order preliminarily approving the proposed settlement; directing Suffolk Bancorp to provide notice of the proposed settlement to its stockholders through a filing with the U.S. Securities and Exchange Commission on Form 8-K and by publication in a national financial newspaper; and establishing procedures by which Suffolk Bancorp stockholders could object to the settlement and be heard;

WHEREAS, notice as ordered by the *Forbush* court was given on July 26 and July 30, 2013, and no stockholder of Suffolk Bancorp has objected to the settlement;

WHEREAS, on September 25, 2013, the *Forbush* court conducted a hearing to determine whether the settlement should be finally approved;

WHEREAS, on September 25, 2013, the *Forbush* court approved the settlement, and issued a Final Judgment and Order Approving Settlement and Dismissing with Prejudice (attached hereto as Exhibit A) in which it stated, among other things, that "the Settlement is in all respects fair, just, reasonable, and adequate to Suffolk and its shareholders," and in which it ordered that the *Forbush* action and the claims covered by the settlement be dismissed with prejudice; and

WHEREAS, the settlement agreement provides that, upon the entry by the *Forbush* court of the final judgment and order approving the settlement and dismissing that action, the parties to this action shall file a stipulation of dismissal with prejudice in this action pursuant to Rule 41(a) of the Federal Rules of Civil Procedure;

IT IS HEREBY STIPULATED AND AGREED that, pursuant to Rules 41(a) and 23.1(c) of the Federal Rules of Civil Procedure, this action is dismissed with prejudice and without costs.

September 26, 2013

    ROBBINS ARROYO LLP

    By: /s/ SHANE P. SANDERS (by permission)
        Shane P. Sanders (admitted pro hac vice)

    Brian J. Robbins
    Felipe J. Arroyo
    Shane P. Sanders
    Gina Stassi
    600 B Street, Suite 1900
    San Diego, California 92101
    (619) 525-3990
    ssanders@robbinsarroyo.com

    Thomas G. Amon
    LAW OFFICES OF THOMAS G. AMON
    250 West 57th Street, Suite 1316
    New York, New York 10107
    (212) 810-2430

    *Attorneys for Plaintiff Robert J. Levy*

    WACHTELL, LIPTON, ROSEN & KATZ

    By: /s/ GEORGE T. CONWAY III
        George T. Conway III
    51 West 52nd Street
    New York, New York 10019
    (212) 403-1000
    gtconway@wlrk.com

    *Attorneys for Defendants J. Gordon Huszagh, Terence X. Meyer, Thomas S. Kohlmann, Edgar F. Goodale, Joseph A. Gaviola, John D. Stark, Jr., Susan V.B. O'Shea, James E. Danowski, and David A. Kandell, and Nominal Defendant Suffolk Bancorp*

SO ORDERED:

/s/ JOANNA SEYBERT
―――――――――――
Hon. Joanna Seybert, U.S.D.J.
Dated: October 3, 2013
       Central Islip, NY   3

PRESENT: HON. WILLIAM B. REBOLINI, J.S.C.
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

At an IAS Term, Part VII, of the Supreme Court of the State of New York held in and for the County of Suffolk at the Courthouse located at One Court Street, Riverhead, NY 11901 on the 25th day of September, 2013.

---

SUSAN FORBUSH, Derivatively on Behalf of Herself and All Others Similarly Situated,

          Plaintiff,

– v. –

EDGAR F. GOODALE, JOSEPH A. GAVIOLA, JAMES E. DANOWSKI, J. GORDON HUSZAGH, DAVID A. KANDELL, THOMAS S. KOHLMANN, TERENCE X. MEYER, STACEY L. MORAN, SUSAN V.B. O'SHEA, and JOHN D. STARK, JR.,

          Defendants,

– and –

SUFFOLK BANCORP,

         Nominal Defendant.

Assigned to:
Justice William B. Rebolini

Index No. 33538/11

Mot. Seq. #006-MG; CD

---

## FINAL JUDGMENT AND ORDER
## APPROVING SETTLEMENT AND DISMISSING WITH PREJUDICE

The above-captioned shareholder derivative action (the "Action") having come on regularly for hearing, as noticed, on September 25, 2013, at 11:00 a.m., pursuant to the Order of this Court, dated July 24, 2013 (the "Preliminary Order"), to consider and determine the matters set forth in the Preliminary Order; and due and sufficient notice having been given as provided in the Preliminary Order, and all persons having any objection to the proposed settlement (the "Settlement") or the request for attorneys' fees and expenses described in the Notice having been given an opportunity to present such objections to the Court; the Court having heard and considered the matter, including all papers filed in connection therewith, and good cause appearing therefor;

  **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that:

1. This Order and Final Judgment incorporates by reference the definitions in the Stipulation of Compromise and Settlement executed by the parties on May 14, 2013 and filed with the Court (the "Stipulation"), and all terms used herein shall have the same meanings as set forth in the Stipulation.

2. The Court has jurisdiction over the subject matter of the Action and over all parties to the Action who have appeared therein, including nominal defendant Suffolk Bancorp ("Suffolk" or the "Company") and its shareholders.

3. The Notice of Proposed Settlement (the "Notice"), and the Summary Notice of Proposed Settlement, and the methods of their dissemination, are hereby determined to be fair, reasonable, and adequate notice under the circumstances and in full compliance with Section 626(d) of the New York Business Corporation Law and the requirements of due process under the United States Constitution and other applicable laws.

4. The Court hereby approves the Settlement set forth in the Stipulation and finds that the Settlement is in all respects fair, just, reasonable, and adequate to Suffolk and its shareholders.

5. The State Action and all of the Released Claims as against the Released Persons are hereby **DISMISSED WITH PREJUDICE**, with each party to bear his, her, or its own costs (except as otherwise provided in this Order and Final Judgment or the Stipulation). Upon the Effective Date:

    a. The Plaintiffs (individually and derivatively on behalf of Suffolk), and each of the Current Suffolk Shareholders (solely in their capacity as Suffolk shareholders) shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all known and unknown claims

2

for damages, injunctive relief or any other remedy against each and all of the Defendants in their individual and corporate capacities and their past or present attorneys, financial advisors, accountants, affiliates, employees, agents, assigns, spouses, heirs, associates, related or affiliated entities, any member(s) of such Person's immediate families, or any trust of which any Person is the settlor or which is for the benefit of any Person and/or member(s) of his or her family and any entity in which any such Person has a controlling interest, including any and all claims, causes of action, demands, rights, or liabilities, including, but not limited to, claims for negligence, gross negligence, professional negligence, breach of duty of care and/or breach of duty of loyalty and/or breach of duty of candor, fraud, breach of fiduciary duty, mismanagement, corporate waste, malpractice, breach of contract, negligent misrepresentation, violations of any state or federal statutes, rules or regulations, and any Unknown Claims, that have or could have been asserted in the Derivative Actions in this Court or any other forum by or on behalf of the Plaintiffs derivatively on behalf of Suffolk that arise from or relate to: (i) the allegations contained in the Derivative Actions and in the Demand, (ii) the facts or occurrences described or in any matter put at issue in the Derivative Actions or in the Demand, (iii) any misrepresentations and/or omissions in Suffolk's disclosures or statements during the period March 12, 2010 to December 20, 2011, and (iv) any matter that could have been asserted in the Derivative Actions or in the Demand regarding breach of fiduciary duty or failure to disclose material facts; *provided*, however, that the Released Claims shall not include any claim asserted under the federal securities laws for any material misrepresentations or omissions by Suffolk pertaining to Suffolk's financial statements, so long as such claims could not have been asserted in the complaints on file in the

3

Actions and do not arise out of the factual allegations set forth therein. With regard to Plaintiffs and Plaintiffs' Counsel, Released Claims shall include any and all claims arising out of the institution, prosecution, settlement or resolution of the Derivative Actions, the Demand, the Books and Records Demand, and the Books and Records Action, but shall not include any claims to enforce the Settlement.

      b. The Plaintiffs shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all claims that Plaintiffs do not know or suspect to exist at the time of the release, which, if known, might have affected the decision to enter into the release or to object or not to object to the Settlement. Plaintiffs shall be deemed to waive, and shall waive and relinquish to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by any law of the United States or any state or territory of the United States, or principle of common law, which governs or limits a person's release of Unknown Claims; further, with respect to any and all of the Released Claims, including any and all Unknown Claims, that (a) Plaintiffs shall be deemed to waive, and shall waive and relinquish, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, which provides as follows:

> ***A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.***

The Plaintiffs also shall be deemed to waive any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code § 1542;

4

and (b) Plaintiffs acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but it is Plaintiffs' intention to fully, finally and forever settle and release any and all Released Claims, including any and all Unknown Claims, hereby known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery or existence of such additional or different facts; and (iii) Defendants shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged any and all claims they may have against Plaintiffs and Plaintiffs' counsel arising out of the institution, prosecution, settlement or resolution of the Derivative Actions.

6. Plaintiffs, Suffolk and/or Suffolk shareholders are hereby forever barred and enjoined from prosecuting the Released Claims against the Released Parties.

7. Plaintiffs' Counsel is hereby awarded attorneys' fees and expenses in the amount provided in the Stipulation, which Suffolk or its insurers will pay to Plaintiffs' Counsel, as provided in the Stipulation, within ten (10) business days after entry of this Order, subject to Plaintiffs' Counsel's obligations to make appropriate refunds or repayments to the Company if a final order by the United States District Court for the Eastern District of New York dismissing the claims in the Federal Action with prejudice is not entered, or if, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the amount in fees and expenses is reduced.

8. Nothing in the Stipulation, the Settlement set forth therein, or any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement, may be

5

deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of any of the Defendants or Released Persons; or is or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or Released Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Defendants and the Released Persons may file this Order and Final Judgment in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction, any theory of claim preclusion or issue preclusion, or similar defense or counterclaim.

9. Nothing contained herein shall be construed to release, discharge, extinguish or otherwise compromise any claims, potential claims, duties, obligations or rights that Suffolk or any person who is or was a defendant in the Derivative Actions or any insurer may have or owe under or relating to any policy of liability or other insurance.

10. Without in any way affecting the finality of this Order and Final Judgment, this Court shall retain continuing jurisdiction to enter any further orders as may be necessary to effectuate or enforce the terms and provisions of the Stipulation and the Settlement, to protect and effectuate the provisions of this Order and Final Judgment, and to hear and determine other matters relating to the administration, consummation, construction, or enforcement of the Settlement provided for in the Stipulation and in this Order and Final Judgment.

11. The Clerk of the Court shall enter this Order and Final Judgment pursuant to CPLR 5016.

**IT IS SO ORDERED.**

DATED: 9/25/2013

_____William B Rebolini_____
Justice William B. Rebolini, J.S.C.

GRANTED
SEP 25 2013
JUDITH A. PASCALE
Clerk of Suffolk County

7